THOMPSON v. BAXTER.

Opinion delivered July 22, 1905.

1. APPEAL—ERROR NOT AFFECTING APPELLANT.—Appellant cannot complain of an error which affects alone another party who has not appealed. (Page 327.)

2. SAME—REVIEW OF CONFLICTING EVIDENCE.—A finding of the jury upon conflicting evidence will not be disturbed on appeal. (Page 327.)  ·

3. TENDER—SUFFICIENCY.—Objection to a tender, made after suit brought, that it failed to include a trivial amount of costs already incurred will not be considered on appeal where the tender was refused because the. plaintiff claimed a much larger sum. (Page 327.)

Appeal from Craighead Circuit Court, Jonesboro District.

HANCE N. HUTTON, Judge, on exchange of circuits.

Affirmed.

*N. J. Thompson, pro se.*

A tender after commencement of suit must also include all costs of suit.  1 Ark. 11; 2 Cyc. 77; 13 Am. Dig. § 142; 54 Ark. 215; 64 Vt. 566; 58 Mo. App. 647.

*Lamb & Gautney,* for appellees.

There was no error in judging costs against appellant. 45 Ark. 37; 13 Ark. 436; Kirby's Dig. § § 972, 6283; 17 Ark. 361; 65 Ark. 219; 30 Ark. 505.

HILL, C. J. Thompson sued Ed and Vernon Baxter in the court of a justice of the peace for the sum of $94, and caused an attachment to issue. Baxter, on the day after suit was filed, made a tender of $5, and, upon it being refused, delivered the money to the constable to keep the tender good as a deposit in court. On the trial Thompson recovered $5, and appealed, and recovered judgment in circuit court for the same amount. In both courts there was a finding that the tender was made and kept good, and that Thompson recover costs prior to the tender, and the costs subsequent thereto were adjudged against him. Three questions are raised on appeal.

1. That the court erred in rendering judgment for costs against the surety on the attachment bond, the contention being that it was not conditioned to cover costs. Thompson alone appealed. The surety has not appealed, and Thompson cannot raise this question for him.

2. The next question presented is that the finding of the jury was not supported by the evidence as to the compromise of the debt sued for at $5 having been reached. Baxter's testimony does sustain it, and that is sufficient, as this court cannot settle conflicting evidence which has gone before a jury.

3. The only other question presented is one of costs. The appellant contends that tender after suit without tender of accrued costs will not prevent recovery of costs subsequent thereto. This is true, but appellant is not in an attitude to complain of it. He refused the tender because he claimed a larger sum, and made no objection to it at the time on account of the costs not being tendered, which were then a trivial sum. The justice gave judgment for the amount tendered and costs prior to the tender. This is exactly what he was entitled to if his present contention is correct. From this he appealed, and the circuit court gave the same judgment, and, after judgment on motion to retax costs, the insufficiency of the tender was for the first time raised. The money had been paid into court immediately on appellant's refusal to accept it, and the litigation had progressed thereafter as to

whether appellees owed a large sum to appellant for which he was suing or only the $5 which were tendered. Appellant cannot now obtain advantage of a failure to tender the trivial sum· due for costs when it was refused because a much larger sum than the tendered amount was claimed, and for which he prefered and elected to litigate.

The judgment is affirmed.