CASE 60.—ACTION BY JAMES B. HAGGIN AGAINST JAMES E. MONTAGUE AND OTHERS FOR AN ABATEMENT IN THE PRICE OF LAND FOR DEFICIT IN QUANTITY.—May 1.

## Haggin v. Montague, &c.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for defendants.    Plaintiff appeals. Dismissed.

1. Appeal—Waiver of Objections—Dismissal—Where it was shown in the. Court of Appeals, by a verified pleading in bar of the further prosecution of the appeal of a purchaser at a judicial sale from a judgment overruling his exceptions to the sale and confirming it, that he caused a deed of the premises to be executed to him, which he recorded, and that he entered into possession of the property and removed the buildings, he has waived his right to object to the sale, and under Civil Code Prac., sections 757, 758, the appellee may;

upon stating the grounds in writing, obtain a dismissal of the appeal.

2.   Same—Motion—Time óf Making—Determination.—A motion to dismiss an appeal is not premature, because it is heard without appellant's consent before the day on which the cause is set for trial, and without the five days' notice to him of the fact, required by section 757, Civil Code Prac., where he appears, replies to the answer pleading his satisfaction and abandonment of the appeal, and briefs the case on the motion to dismiss.

THORNTON & KERR, attorneys for appellant.

MORTON, WEBB & WILSON, for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE O'REAR— Dismissing Appeal.

Mrs. Montague owned the life estate in a certain lot of ground in Lexington, the remainder estate being vested in such of her children as might be living at her death. Some of the contingent remaindermen were infants. The land was decreed to be sold for reinvestment of the proceeds in more productive property. At the sale made by the commissioner of the court, appellant, being the highest and best bidder, became the purchaser at the price of $40,000. There was a three-story brick house on the lot. Appellant filed exceptions to the sale on the ground that a certain real estate agent, who was representing some of the owners, had represented to appellant's agent, who made the purchase, that the lot was about 60 feet wide, and was more than 60 feet wide, by 1 foot to 18 inches, but that he learned since that the lot was only 57.7 feet wide. An abatement of the price was asked. The exception to the sale was overruled, and the sale confirmed. Appellant has prosecuted this appeal from the judgment overruling his exceptions,

and confirming the sale. Since the judgment named appellant has caused a deed to be executed to him for the lot, which he has accepted and put to record. He has also taken possession of the lot, torn down the building, and removed and disposed of the material. These facts were made to appear in this court by a verified pleading in bar of the further prosecution of the appeal. The material facts are admitted.

It is provided by Civil Code Prac., sections 757, 758, that, if, it be made to appear that appellant's right to prosecute the appeal has ceased, the appellee may, upon stating the grounds in writing, move the court to dismiss the appeal. When appellant accepted the deed made to him conveying the title of the parties to the lot, entered upon the property, and removed its buildings, it was a waiver of the defect, if any, in the sale to which he had objected. He cannot take under a judgment, and by virtue of it alone, and at the same time prosecute an appeal from it to vacate it. He is estopped to do so. If the judgment were reversed for the reasons urged upon the appeal, neither he nor the court could restore to appellees their property, nor place the parties in statu quo.

It is objected that the motion now pending to dismiss the appeal is premature, because without appellant's consent it is being heard before the day on which the cause is set for trial, and without five days' notice to him of the fact, as required by section 757, Civil Code Prac. The object of the notice is to give appellant the opportunity to be heard on the motion, that he may not be taken unawares. He has appeared, replied to the answer pleading his satisfaction and abandonment of the appeal, and has briefed the case on the motion to dismiss. Every purpose of the notice is served.

The appeal must be dismissed.