CASE 32.—ACTION BY L. D. HARNEY AGAINST THE FAY-
ETTE COUNTY FISCAL COURT AND OTHERS.—
November 10.

# Harney v. Fayette County Fiscal Court, &c.

Appeal from Fayette Circuit Court.

WATTS PARKER, Circuit Judge.

Judgment for defendants, plaintiff appeals—On
motion of defendants appeal dismissed.

Appeal and Error—Persons Entitled to Review—Interest in Sub-
ject Matter—Dismissal.—Under Civil Code of Practice, sec-
tion 757, providing that, if it appear that appellant's right
to prosecute the appeal has ceased, the appeal shall be dis-
missed, where, pending appeal in a suit by a taxpayer and
resident of a county against the county fiscal court and the
county jailer to enjoin the court from appropriating county
funds for certain purposes, and compel the jailer to take
charge of the court-house and perform the acts required of
him by law, such taxpayer became a non-resident of the
county and no longer paid taxes there, the appeal must be
dismissed.

R. S. CRAWFORD for appellants.

The appellants contend that the fiscal court of Fayette county
has illegally and wrongfully appropriated out of the revenues of
Fayette county divers large sums of money, amounting to the
sum of fifteen thousand dollars ($15,000) per annum.

1. That there is no warrant or authority of law to provide light,
fuel or water to the county offices, circuit clerk, county clerk,
county attorney, superintendent of public schools, sheriff's office
and assessor's office.

2. That there is no warrant or authority at law to provide
offices for the magistrates of the First, Second, Third and Fourth

districts in the court-house and to equip their offices with desks, chairs, seats, carpets, light, fuel and water.

3. That there is no warrant or authority at law to pay office rent for the other magistrates or to pay them the equivalent of office rent.

4. That there is no such office recognized as the clerk of the quarterly court and county auditor, and there is no authority or warrant of law to appropriate public funds to the payment of a salary to such officer.

5. That there is no warrant or authority at law, authorizing the fiscal court to appropriate money or to provide a means of heating the jail at the expense of the taxpayers of Fayette county.

GEORGE R. HUNT for Fayette fiscal court.

SUMMARY OF POINTS ARGUED AND AUTHORITIES CITED.

1. "A general later law does not abrogate an earlier special one by mere implication." Endlich on the Interpretation of Statutes, section 223, p. 298; Black on the Interpretation of Laws, pp. 116, 177; Commonwealth v. Cain, 14 Bush 553; Foreman v. Murphy, 7 Bush 304.)

2. The court-house of Fayette county is in the custody of the fiscal court, and it alone is charged with the duty of caring for it, and has complete jurisdiction to appropriate such money as may be necessary, in its discretion, for that purpose. (General Statutes, 1879, c. 89, section 9, p. 703; Ky. Stats., sections 3948, 1730, 356 and 1833; General Statutes of 1879, c. 41, art. 6, section 1, p. 468, c. 15, art. 4, section 3, p. 195; Sessions Acts, 1891, vol. 1, p. 1137; General Statutes, 1879, ch. 28, art. 16, section 1; General Statutes, 1879, ch. 28, art. 17, section 4; Ky. Stats., section 1840; Constitution, section 144; Acts of 1891-92-93, p. 263; Acts 1891-92-93, pp. 198, 203; O'Mahoney v. Bullock, 97 Ky. 774; Stone, Auditor, v. Pflanz, Sheriff, 99 Ky. 652; Pierce v. Mason Co., 99 Ky. 357; City of Louisville v. Louisville Water Works, 105 Ky. 754; City of Covington v. Dist. of Highlands, 24 Ky. Law Rep. 446; Simons v. Gregory, 87 S. W. 751; Campbell Co. v. City of Newport, 94 S. W. 629; City of Covington v. Kenton Co., 82 S. W. 392; Jefferson Co. v. Young, &c., 86 S. W. 985; Hetsch v. Commonwealth, 86 Ky. 327; Mitchell v. Henderson Co., 100 S. W. 220; Young v. Jefferson Co., 100 S. W. 336; first section of Schedule of the Constitution.)

3. The law has been changed since the institution of this action, and the questions submitted are merely mooted questions. (Acts 1908, pp. 116, 118.)

OPINION OF THE COURT BY JUDGE HOBSON—Dismissing appeal.

L. D. Harney, suing for himself and other taxpayers of Fayette county, brought this suit against the Fayette fiscal court, the members of the court personally, and the jailer of Fayette county, stating in effect in his petition that he was a taxpayer and resident of the county, and that the fiscal court was paying out annually a large sum of money for fuel, light, water, and other attention to the offices in the courthouse, without authority of law. He prayed that the fiscal court be enjoined from appropriating any of the funds of the county for these purposes, and that the jailer be required by mandamus to take charge of the courthouse and perform the acts required of him by law. The defendants filed an answer, in which they set out what they had done, pleading a special act of the General Assembly as their authority. The plaintiff filed a reply to the answer, the defendants demurred to the reply, the court sustained the demurrer, and, the plaintiff declining to plead further, the petition was dismissed, and Harney appealed to this court. After the record was filed in this court, J. T. Jones filed in this court his petition, in which he stated that since the appeal was granted Harney had become a citizen and resident of Lincoln county, Ky., that Jones was a resident and taxpayer of Fayette county, and that Harney had become a nonresident of Fayette county since the rendition of the judgment in the circuit court. Jones asked that he be made a party appellant, and that the appeal should stand for hearing as though prosecuted by Harney. This motion the court overruled. There-

after the appellee entered a motion that the appeal be dismissed on the ground that Harney has no further interest in the matters litigated and has ceased to be a representative of the class of persons for whom he seeks redress. The case has been submitted upon this motion and on the merits.

An action under the Code must be prosecuted by the real party in interest, and where one person sues as the representative of a class he must be a fair representative of the class. As Harney no longer lives in Fayette county, and is no longer a taxpayer there, he is in no sense a fair representative of the taxpayers of Fayette county, whom he proposed to represent. He was a taxpayer of the county and a fair representative of the class when he brought the action: but, his right to represent the class having ceased pending the appeal, to allow him to prosecute the appeal would be to allow him to litigate a matter in which he has no interest. By section 757 of the Civil Code of Practice it is provided that, if it appear that the appellant's right to prosecute it further has ceased, the appeal shall be dismissed. As Harney's right to prosecute the appeal ceased upon his becoming a nonresident of Fayette county, the appeal, under this section, cannot be maintained.

We therefore conclude that the appeal must be dismissed, and it so so ordered.