## Ohio River Contract Company v. Pennybacher.

(Decided January 25, 1916.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, First Division).

1.   Appeal and Error—Dismissal—Section 757 Civil Code.—Under
    section 757 of the Civil Code of Practice, if it be made to appear
    that the appellant's right to prosecute his appeal has ceased,
    the appellee may, upon stating the grounds in writing, have the
    appeal dismissed.

2. Appeal and Error—Dismissal.—Where, pending the appeal, conditions have arisen that would make the judgment on appeal of no effect, it will be dismissed.

3. Appeal and Error—Dismissal.—Where the appellant compromised the judgment against him after the appeal was taken, the appeal will be dismissed upon motion made under section 757 of the Code.

DALLAM, FARNSLEY & MEANS for appellant.

ROBERT LEE PAGE for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE MILLER—Dismissing appeal.

Pennybacher recovered a judgment for $1,750.00 damages against the Ohio River Contract Company, and the company appealed.

Robert Lee Page, attorney for the appellee, has filed his affidavit in this court, stating that the appellant has compromised and settled said judgment with Pennybacher since the appeal was taken, and that the appeal is not prosecuted in good faith, because Pennybacher has no further claim or interest in this action. Accordingly, he moves to dismiss the appeal under section 757 of the Civil Code.

Appellant objects to a dismissal of its appeal, and files the affidavit of its attorney showing that it had compromised the case since the appeal was taken, by paying Pennybacher $450.00; that for several weeks before the settlement was made Pennybacher was constantly asking appellant to compromise the case, and that Mr. Page, although he at first declined to agree to any compromise, finally agreed, on November 20th, 1915, to accept $600.00 in full settlement of his fee in the case, with the understanding that Pennybacher was to get $450.00; and that Mr. Page was given a check for $600.00 for his fee, but he returned it the next day, saying that after due consideration he had decided not to accept it.

Section 757 of the Code of Practice provides, in part, as follows:

"If it appear from the record that an appeal was improperly granted, or that the appellant's right to prosecute it further has ceased, the appellee may, upon stating the grounds in writing, move the court to dismiss the appeal."

Section 758 of the Code further provides:

"If the facts mentioned in section 757 be not shown by the record, the appellee may plead them by a verified answer, to which the appellant may file a verified reply; and the questions of law or fact thereon shall be heard and determined by the court on or after the day on which the case is set for trial on the docket."

Appellant insists that notwithstanding the compromise, it yet has the right to litigate the question as to whether appellee has a cause of action against it; while appellee's attorney insists there is now no action pending between the parties, and that the question which the appellant proposes to litigate is merely a moot question.

It is true that section 757, as amended by the Act of 1888, further provides that when a party recovers judgment for only a part of the demand or property he sues for, the enforcement of such judgment shall not prevent him from prosecuting an appeal therefrom as to so much of the demand or property sued for as he did not recover. But the case at bar does not come within the provision of the Code, since the plaintiff is not appealing. Neither is this case controlled by the decision in Nashville C. & St. L. R. Co. v. Bean's Exr., 128 Ky., 758, where the judgment was paid by the appellant without a compromise or settlement of the case, and the appellant still had the right of restoration in case of a reversal. In that case there was no settlement or compromise of the cause of action as here. 3 C. J., p. 675, Little v. Bowers, 134 U. S., 547.

If appellant's position be correct, and the judgment should be reversed, there would be nothing to try upon the return of the case to the circuit court, since the settlement would be a bar to the further prosecution of the action. A reversal would accomplish nothing; an affirmance would benefit nobody.

The courts do not try academic questions where neither party will be affected by the result.

So, where, pending the appeal, conditions have arisen that would make the judgment on appeal of no effect, it will be dismissed. King v. Tilford, 24 Ky. L. R., 1270, 70 S. W., 1064; Conn v. Desha, 24 Ky. L. R., 1400, 71 S. W., 519; Finley v. Smith, 28 Ky. L. R., 564, 89 S. W., 547; Waller v. Henderson Tel. Co., 31 Ky. L. R., 39, 101 S. W., 372; Haggin v. Montague, 125 Ky., 507; Harney v. Fayette County Fiscal Court, 130 Ky., 247.

Here it is conceded by appellant that a compromise has been effected; and the question having been raised by affidavits, they will, under the circumstances, be treated as sufficient pleadings under the Code, *supra,* in the absence of any objection.

Appeal dismissed.