## Madden v. Madden.

(Decided March 24, 1916.)

### Appeal from Harlan Circuit Court.

1. **Appeal and Error—Waiver of Right to Appeal.**—An appellant waives his right to an appeal, if after the rendition of the judgment which he seeks to correct by appeal, he treats it as valid and reaps benefits from and relies on it as valid before the hearing on appeal.

2. **Appeal and Error—Dismissal.**—The right to manifest in this court such facts on a motion to dismiss the appeal is given by section

757 of the Civil Code of Practice, and the mode of procedure in this court is pointed out in section 758, idem.

3.   Appeal and Error—Dismissed—Eviction.—Where in the circuit court appellant was evicted by judgment therein from which he prosecuted an appeal to this court, but afterwards and before the hearing of the appeal he successfully prosecuted a suit against his grantor for breach of warranty contained in the deed to the land from which he was evicted, his appeal will be dismissed upon motion made for that purpose accompanied with a proper showing of the facts.

W. F. HALL for appellant.

H. C. CLAY and CLAY & CARTER for appellee.

OPINION OF THE COURT BY JUDGE THOMAS—Dismissing appeal.

The father of appellant and appellee died intestate the owner of a tract of land in Harlan county. This suit was filed by appellant against appellee and other heirs of their father seeking to confirm an oral division of the land which it is alleged the father made to his children in his lifetime. Many issues were made by the various pleadings filed in the cause and many parties were brought into the suit by these pleadings who were not made such by the original petition. A portion of the land sought to be divided was claimed by one of the defendants, Elizabeth Madden, under a deed which she obtained from her brother, appellant, Isaac Madden, on January 8, 1909. Another portion of the land was claimed by appellant, Isaac Madden, through deeds executed to him by Elizabeth Madden, one of date April 19, 1902, and the other November 19, 1898. In this proceeding Isaac Madden and his sister Elizabeth, by appropriate pleading sought to have these tracts of land adjudged respectively to them and excluded from any judgment of division which might be rendered in this suit. By the judgment appealed from these contentions were each denied because of a finding by the chancellor that the deeds through which each of the grantees claimed these two portions of land were void and conveyed no title to the lands therein described. The judgment furthermore granted the relief of appellee which he sought by the suit in that it adjudged to him the land which he claims was orally given him by his father. All of the defendants below except appellant accepted the judgment, but he, being dissatisfied with the action of

the trial court in cancelling and holding for naught his two deeds from his sister, Elizabeth Madden, prosecutes this appeal.

After the rendition of the judgment below the children and heirs of Elizabeth Madden, she having died in the meantime, filed a suit on May 6, 1914, against appellant seeking to recover from him on his warranty in the deed to the portion of land involved herein which he had conveyed to their mother on the ground that the judgment rendered in this case by which such deed was cancelled constituted a breach of the warranty. Appellant filed an answer, set-off and counter-claim in that case by which he sought to offset any sum which plaintiff herein might recover against him for a like cause of breach of warranty contained in the two deeds from Elizabeth Madden, the mother of the plaintiffs therein, to him, it being claimed by him that the judgment appealed from holding said two deeds to be void, likewise constituted a breach of the warranty as to each of them. Judgment was rendered in this cause on May 7, 1915, wherein the plaintiffs in that suit recovered against defendant therein, the appellant here, the sum of $542.00, and he recovered on his counter-claim and set-off against them the sum of $430.30, leaving a balance of $112.70 in favor of plaintiffs in that suit for which they were given judgment.

On September 20, 1915, being the day this appeal was set for hearing, appellee filed a verified answer under provisions of section 758, Civil Code of Practice, with a duly executed notice, and entered motion to dismiss the appeal upon the ground that the conduct of the appellant in relying upon the judgment appealed from as hereinbefore indicated constituted a waiver of his right to appeal from the judgment rendered by the circuit court, which motion was passed until the hearing of this case upon its merits. This character of motion is allowed by section 757 of the Civil Code of Practice, and the method by which it is presented here is permissible under section 758 of the code.

The question for determination is: Whether the conduct of appellant in recognizing the full force and effect of the judgment appealed from in defending through it the suit against him by his neices and nephews, and reaping benefits from such recognition, constitute a

waiver of and a ceasing of his right to prosecute this appeal.

It is manifest that to permit him to do so and he still be allowed to prosecute this appeal would be acknowledging his right under the law to occupy diametrically inconsistent positions. In the proceeding relied on as cause for dismissal he was permitted to recover all of the items to which he was entitled under a breach of warranty of his title, which sum so far as he is concerned was in lieu of the land and a *quid pro quo* for it. If the judgment appealed from should be reversed and he should be adjudged the owner of the two tracts of land conveyed to him by his sister, there would then be no breach of the warranty in her deeds, although he would have long since recovered compensation or damages for such breaches, but if the judgment should be affirmed, it would be but a decision of this court upon a moot question so far as appellant is concerned as he will have already obtained compensation from the heirs of his sister because of the error of which he complains on this appeal. Manifestly, he should not be permitted to do this.

In Volume 2, page 656, Cyc., it is said:

"Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him operates as a waiver of his right to appeal therefrom, or to bring error to reverse it."

And in Volume 2, Ency. of Pleading and Practice, page 174, it is said:

"It is a settled doctrine that where a party recovering a judgment or decree accepts the benefits thereof, voluntarily and knowing the facts, he is estopped to afterward reverse the judgment or decree on error. The acceptance operates as and may be pleaded as a release of error."

In Mississippi R. Co. v. Byington, 14 Iowa 572, on this question it is said:

"We think it is a correct rule of law and well settled by the authorities, that a party cannot accept the benefits of an adjudication and yet allege it to be erroneous."

And in the case of Waddingham v. Waddingham, 27 Mo. App. 607, upon the same question it is said:

"That a party should be heard to complain in this court of the imputed errors committed and wrongs done him by the trial court which lead to the judgment ap-

pealed from, when he has reaped and enjoyed the fruits of that judgment, strikes the plainest dictates of common sense and common right as intolerable."

To the same effect are the following cases: Ruckman v. Alwood, 44 Ill. 183; Cassell v. Fagin, 11 Mo. 207; Bennett v. Van Syckel, 18 N. Y. 481; Schweickhart v. Stuewe, 75 Wis. 159; Ware v. Morris, 42 La. Ann. 760; Kansas City, &c., R. Co. v. Murray, 57 Kan. 697.

This court had under consideration the question involved here but presented under somewhat different conditions, in the case of Payne v. Woolley, &c., 80 Ky. 568. The motion to dismiss the appeal, presented as it is herein, was sustained, the court referring to and quoting from some of the authorities from other jurisdictions to which we have just referred. In the course of the opinion this court cited with approval the language used in the case of Smith v. Jack, 2 Watts and Sergent 103, as follows:

"It seems inconsistent that a party should proceed on his judgment as good and valid in one court, while he is contending in another tribunal that it is erroneous, and ought to be reversed."

And further on the opinion says:

"Such inconsistency and self-stultification is abhorrent to the law. It exhibits a disregard for the rights of the defendants. For the judgment must either be legal or erroneous."

The question was again before this court in somewhat different form in the case of Haggin v. Montague, 125 Ky. 507. In that case the purchaser of real estate had excepted to the sale and from a judgment overruling his exceptions he prosecuted an appeal. Pending the appeal he procured a deed to the property and an order of court giving him possession, which he took. These acts were presented to this court in a motion to dismiss the appeal from the judgment overruling the exceptions to the sale. The motion to dismiss the appeal was sustained and in the course of the opinion this court used this language:

"He cannot take under a judgment, and by virtue of it alone, and at the same time prosecute an appeal from it to vacate it. He is estopped to do so." See also Ohio River Contract Co. v. Pennybacher, 168 Ky. 78.

Many other authorities might be cited to the same effect, but in the view of the ones referred to, and of

the nature of the question presented, we deem it unnecessary. To permit this appeal to be prosecuted under such circumstances would be repugnant to all principles of law in its effort to maintain fairness and consistency on the part of the litigant. It would also violate the fundamental principles of the law of estoppel which were called into existence by the law for the purpose of maintaining consistency and fairness.

This does not conflict with the law prevailing in this state that a party against whom a judgment has been rendered for money may pay it and still prosecute an appeal. In such case he has not altered the attitude of anyone by the act of payment except himself, and the payment of the judgment has been construed to be in lieu of his right to supersede the judgment as provided by section 747 of the code; as his act in paying the judgment is not one seeking any benefits therefrom nor one possessing any of the elements of an estoppel, but permits him to prosecute the appeal without superseding it or being annoyed with executions pending the appeal, he, therefore, under such circumstances, is permitted to appeal from the judgment which he has paid.

Appellant in the proceeding relied upon as a ground for this motion, sought to and did obtain benefits under the judgment appealed from upon the idea that it was valid and in full force and effect. He therein chose to acknowledge its validity and was rewarded by his choice, while upon this appeal he is contending that the same judgment is erroneous and invalid. These inconsistent positions will not be allowed to him. As he has elected to treat the judgment appealed from as valid, and has reaped benefits to himself upon that theory, he must abide by his election.

The motion to dismiss the appeal is sustained and the appeal is dismissed.