## L. and P. G. Graves v. Allen, Trustee, etc.

### Same v. Same.

(Decided May 8, 1925.)

Appeals from Allen Circuit Court.

1.  Appeal and Error—Plaintiffs Suing for Rentals Accruing After Judgment Denying Forfeiture for Nonpayment Held to have Waived Right to Appeal.—Plaintiffs suing for rentals accruing after judgment denying forfeiture of oil and gas leases for nonpayment of rentals treated judgment and leases as valid, accepted benefits thereunder, and relied thereon, thereby waiving right to appeal.

2.  Judgment—Conclusion in Subsequent Litigation Between Parties or Privies as to Matters Necessarily Determined or Implied.— Judgment is final and conclusive in subsequent litigation between parties or their privies as to matters necessarily determined or implied in reaching it, though no specific finding was made in reference thereto, and such issues were not raised by pleadings.

3.  Judgment—Denying Forfeiture of Oil Lease for Nonpayment of Rentals Conclusive in Lessor's Action for Rentals Subsequently Accruing.—Judgment, denying forfeiture of oil and gas leases providing for forfeiture on failure to pay rentals or complete well, held conclusive in subsequent action for rentals accruing after rendition thereof, as necessarily presupposing that no rentals were due.

OLIVER & DIXON and O'REAR, FOWLER & WALLACE for appellants.

W. D. GILLIAM and MORRIS & JONES for appellee.

OPINION OF THE COURT BY JUDGE CLARKE—Affirming in the first, and dismissing the second appeal.

By separate leases, both dated January 21, 1920, and identical in terms, appellants leased to appellees two adjoining tracts of land, containing 400 acres, for five years and so long thereafter as oil and gas were produced thereon. Each provided that within a year appellees should drill a well or pay thereafter a rental of $2.00 per acre, payable quarterly in advance. Appellees not only drilled several wells on the lease, although it does not appear whether or not within the year, but also paid rentals as specified in the leases up to April 21, 1922. They refused to pay rentals on April 21 and June 21, 1922, and on August 8th of that year appellants instituted the first of these actions in equity to forfeit both leases for the alleged violation of the following clause in each:

"It is agreed that unless said well is completed or rentals paid hereinbefore stipulated, this lease shall become void and of no further force and effect. Said well must be a producing well, and its products being marketed to liquidate rentals, taking into consideration pipe line facilities."

After alleging the failure to pay rentals in April or June. the petition avers:

"In view of the fact that they have failed to pay said rentals, and in view of the further fact that they

have failed to produce oil from said lease in marketable quantities sufficient to liquidate the rentals, . . the failure to produce said oil or to pay the rentals renders the lease void and of no further force and effect,''

because of the clause quoted above.

The answer traversed the allegations of the petition, and by counterclaim the defendants sought to have their title to the leases quieted. Proof was taken, and upon submission the chancellor, on January 26, 1923, dismissed the petition and quieted defendants' title to the leases.

Plaintiffs prayed and were granted an appeal from that judgment, but instead of perfecting same, on March 19, 1923, they filed the second of these actions at common law to recover of appellees, not only the rentals alleged in the former action to be due under the leases in April and June, 1922, but also rentals alleged to be due on November 21, 1922, and January 21, 1923.

The first paragraph of the answer traverses the averments of the petition, and in the second paragraph the defendant pleaded the judgment in the former action as a bar to the prosecution of the second action, and filed therewith the entire record in the former action.

The court sustained this latter plea, and dismissed that action on April 23, 1923, and from that judgment plaintiffs were granted an appeal, which they perfected here on August 18, 1923, and that appeal was submitted on March 11, 1924. Thereafter, and on October 4, 1924, plaintiffs were granted an appeal in this court from the judgment rendered January 26, 1923, refusing to adjudge a forfeiture of the leases and quieting defendants' title thereto. Thereupon appellees moved to dismiss that appeal on the ground that appellants had waived their right thereto by prosecuting the common law action to recover rentals, and whether or not this is true is the first question presented for decision.

The common law action for rentals seeks not only to recover rentals alleged to be due prior to the filing of the forfeiture suit, but also to recover rentals alleged to have accrued thereafter.

The petition in that action clearly recognizes the leases as valid, in force and belonging to appellees, as adjudged in the first action, since it not only seeks to re-

cover rents alleged to have accrued since the filing of the first action, but avers that appellees:

"Took title to and are holding and operating and claiming said leases, and that they are bound by the terms of the original leases executed by plaintiffs herein, January 20, 1920."

In addition appellants accepted royalties paid them according to the terms of the contracts throughout June, July, August, September, October and November, 1922, which, in the second action, they admitted were accepted by them as payments on the rentals therein sued for.

It is, therefore, perfectly clear that, when appellants filed their second action against appellees, they abandoned any idea of further contesting appellees' title to the leases, and elected to treat them as valid and to sue for rentals according to their construction of same, rather than to appeal from the judgment refusing a forfeiture and quieting appellees' title thereto.

In 2 Cyc. 652, it is said:

"Any act on the part of a defendant by which he impliedly recognizes the validity of a judgment against him, operates as a waiver of his right to appeal therefrom or to bring error to reverse it."

In volume 2, Encyclopaedia of Pleading and Practice, page 174, the same rule is thus stated:

"It is a settled doctrine that where a party recovering a judgment or decree accepts the benefits thereof voluntarily and knowing the facts, he is estopped to afterwards reverse the judgment or decree on error. The acceptance operates as, and may be pleaded as, a release of error."

These statements of the rule were quoted and approved in Madden v. Madden, 169 Ky. 367, 183 S. W. 931, and many cases cited in support thereof from other courts, as well as the following from this court: Paine v. Woolley, 80 Ky. 568, 4 K. L. R. 489; Haggin v. Montague, 125 Ky. 507, 101 S. W. 893; Ohio River Contract Co. v. Pennybacher, 168 Ky. 78, 181 S. W. 946.

The right to manifest in this court the necessary facts on a motion to dismiss an appeal is given by section 757 of the Civil Code, as was pointed out in the Madden case, in which we expressly held that an appellant waives

his right to appeal if, after the rendition of the judgment which he seeks to correct by appeal, he treats it as valid and reaps benefits from and relies upon it as valid before the hearing on appeal.

As appellants, in the common law action filed after the rendition of the judgment denying a forfeiture, sought to recover rentals alleged to have accured thereafter, less royalties subsequently accepted as payments thereon, they clearly treated that judgment, as well as the leases, as valid, accepted benefits thereunder and relied upon same, and thereby waived their right to appeal therefrom.

Hence, the motion to dismiss that appeal must be, and it is, sustained.

The next question for decision is whether or not the court erred in dismissing the common law action to recover rentals upon the theory that that question was conclusively adjudged against plaintiffs in the former action between the same parties refusing a forfeiture.

The rule is firmly established, and is stated, in 15 R. C. L. 976, upon authority of many cases there cited, thus:

> "A judgment in a prior suit is deemed final and conclusive in subsequent litigation between the parties, or their privies, as to those matters necessarily determined or implied in reaching the final judgment, although no specific finding may have been made in reference thereto, and even though it was not raised as an issue by the pleadings in the former action. If the record of the former trial shows that the verdict could not have been rendered without deciding the particular matter, it will be considered as having settled that matter as to all future actions between the parties, and if a judgment necessarily presupposes certain premises, they are as conclusive as the judgment itself, for the judgment is an adjudication on all matters which are essential to support it."

Mr. Freeman, in section 257 of his work on Judgments, thus states the rule:

> "It is not necessary to the conclusiveness of the former judgment that the issue shall have been taken up on the precise point which it is proposed to controvert in the collateral action; it is sufficient that that point was essential to the former judgment."

Hence the judgment in denying a forfeiture is conclusive in this action to recover rentals only if the court, in denying the forfeiture, necessarily decided that no rentals were due under the terms of the lease.

As by the terms of the lease a forfeiture is clearly and admittedly made to depend upon the failure to pay rentals or to complete such a well as is described in the forfeiture clause, and it was admitted upon the trial of the suit to forfeit the leases that rentals had not been paid in April or June, 1921, the court necessarily decided, not only that the failure to pay these rentals did not work a forfeiture, but also that such a well as prevented a forfeiture had been completed before these rentals would have otherwise been due and payable.

It is, therefore, clear that the judgment denying a forfeiture necessarily presupposes that no rentals were due, and is therefore a bar to this effort upon the part of appellants to relitigate that question with appellees. Hence the court did not err in sustaining appellees' plea in bar.

Wherefore, the judgment in the action to recover rentals, which is the first appeal, is affirmed, and the appeal in the forfeiture case is dismissed.