## Stairs et al. v. Riley et al.

February 20, 1948.

E. J. Stahr, Judge.

W. H. Hester and N. D. Montgomery for appellants.

L. R. Smith for appellees.

OPINION OF THE COURT BY CLAY, COMMISSIONER—
Dismissing appeal.

This is a mortgage foreclosure proceeding. On July 2, 1945, the plaintiff, appellee, obtained a personal judgment for approximately $3,400 and an order of sale of the mortgaged property. An appeal was granted appellants in this Court on May 12, 1947. On June 9, 1947, appellee filed a motion to dismiss the appeal on the ground that the judgment had been compromised and settled. Thereafter there were filed responses, replies, demurrers, and other pleadings directed to this issue.

Appellee's pleadings in this Court alleged that on July 2, 1945, the date of the ordered sale, there was a "compromise settlement" of the judgment; that she "accepted in full satisfaction thereof" the sum of $2,500, which sum plus the court costs, had been paid; that the judgment was transferred or assigned to the agent of appellants; and that subsequently the case was, on motion, stricken from the docket in the Circuit Court.

In response to appellee's affirmations, appellants, without denying them, alleged in substance that they were unable to make a supersedeas bond; that they raised the sum of $2,500 to stop the sale of the property

under the judgment; that they intended to prosecute an appeal; that they thought their rights to an appeal would be protected; and that the delay in prosecuting the appeal was occasioned while awaiting financial assistance.

Section 757, Kentucky Civil Code of Practice, provides in part as follows: "If it appear from the record that an appeal was improperly granted, or that the appellant's rights to prosecute it further has ceased, the appellee may, upon stating the grounds in writing, move the court to dismiss the appeal."

It is appellants' contention that they have not compromised, waived, or lost their right to appeal by virtue of the events above described. They rely principally upon Mercer v. Federal Land Bank of Louisville, 300 Ky. 311, 188 S. W. 2d 489, wherein we recognized that the right to appeal is not waived except upon a clear and decisive ground. In that case the appellant had leased from the appellee certain land which had been the subject matter of the action. The appellee contended that this constituted an acquiescence in the judgment cancelling a contract of purchase and evicting appellant from the land. We held that entering into the lease was not a waiver of the right to appeal. We noted, however, that the appellant had not benefited nor had the appellee been prejudiced.

We do not think the present case is similar. Here appellee accepted less than the face of the judgment; the sale was cancelled at appellants' request; and the judgment, assigned to the principal appellants through their agent, was for practical purposes extinguished. There was not only ample consideration for the agreement, but the relinquishment by appellee of her rights resulted in a material change of position beneficial to appellants.

We are inclined to follow Ohio River Contract Company v. Pennybacher, 168 Ky. 78, 181 S. W. 946. In that case the appellee recovered a judgment of $1,750. After an appeal was taken, he filed a motion to dismiss on the ground that the judgment had been compromised, appellant paying the appellee $450 and his attorney $600. In dismissing the appeal, we stated, 168 Ky. at page 80, 181 S. W. at page 947:

"If appellant's position be correct, and the judgment should be reversed, there would be nothing to try upon the return of the case to the circuit court, since the settlement would be a bar to the further prosecution of the action. A reversal would accomplish nothing; an affirmance would benefit nobody.

"The courts do not try academic questions where neither party will be affected by the result."

We see no reason why the rule applied in the above case should not be applicable here. The compromise extinguished appellee's cause of action and the judgment. If this judgment was reversed, appellants would not be entitled to a return of the $2,500, since there were valuable considerations for the compromise. On the other hand, if the judgment was affirmed, appellee could not benefit thereby because her rights under the judgment have been relinquished. We have before us then nothing but an academic question, the judicial determination of which would affect the rights of neither party.

It is true that mere payment of the amount of a money judgment does not adversely affect the losing party's right of appeal. Nashville, C. & St. L. Ry. Co. v. Bean's Ex'r, 128 Ky. 758, 109 S. W. 323, 129 Am. St. Rep. 333. The parties may, however, for valuable consideration, at any time settle their differences. The facts in this case show clearly an effective compromise which terminated appellants' right of appeal.

The appeal is dismissed.