**Stanley MARTIN et al., Appellants,**

v.

**Mary Margaret BEACH, Appellee.**

Court of Appeals of Kentucky.

March 27, 1970.

Charles J. Schear, Newport, Joseph A. Boone, Covington, for appellants.

Louis W. Gorman, Covington, for appellee.

CULLEN, Commissioner.

The present and former members and trustees of the Pension Board Fund of the City of Ludlow, Kentucky, are appealing from a judgment of the Kenton Circuit Court, entered on February 9, 1968, which awarded a pension of $175 per month to the appellee, Mary Margaret Beach, by reason of her being a widow of a former policeman of Ludlow who was a member of the city's pension fund system for policemen and firemen. The appellants complain that the judgment erroneously invalidated a perfectly valid agreement under which Mrs. Beach had agreed to accept a pension of only $90 per month.

Mrs. Beach's husband died in November 1961. For approximately a year thereafter the pension board paid her a pension of $30 per month. She then brought suit, in November 1962, asserting that under KRS 95.773 she was entitled to a pension of $175 per month (equal to half of her husband's monthly salary of $350 per month). The pension board defended the suit on the ground that the statute was unconstitution-

al. However, the circuit court held the statute valid and entered judgment on March 7, 1963, directing that Mrs. Beach thereafter be paid a pension of $175 per month and that she be paid the difference between $30 per month and $175 per month for the past period from the husband's date of death to the date of the judgment. The pension board announced that it would appeal from the judgment, and it filed a notice of appeal on April 3, 1963. The following day, April 4, 1963, the parties, *with and through their attorneys*, entered into a compromise agreement, under which the pension board agreed to drop its appeal and Mrs. Beach agreed ·to accept a pension thereafter of $90 per month (and to be reimbursed for back pension deficiencies on the basis of the difference between $30 per month and $90 per month). She was given a check on that day for the amount of the past deficiencies, and for the next three and one-half years she was paid a pension of $90 per month. However, no record of the settlement agreement ever was entered in the circuit court.

In November 1966 Mrs. Beach filed a *motion* in the original action for "an order requiring the Pension Fund Board Trustees to pay her the sum of $175.00 per month as previously ordered by this Court on March 7, 1963," and for an order requiring the board to pay an alleged deficiency in previous payments for the period from April 1, *1964* (it seems this should be *1963*) to November 1, 1966. The motion was accompanied by an affidavit which referred to the judgment of 1963, admitted that a lump payment was made to Mrs. Beach in April 1964 (1963?), and alleged that the board had been paying her only $90 per month since then, but which made no mention of any settlement agreement. The board filed a response setting forth the terms of the settlement agreement, with supporting affidavits. These were the only papers filed by the parties.

The circuit court then proceeded with a somewhat extraordinary treatment of the case. First, the court construed the pension board's *response* as a motion to enter nunc

pro tunc, as of April 4, 1964 (1963?), an agreed judgment, by way of substitution for the original judgment of March 7, 1963, embodying the terms of the *compromise settlement* of April 4, 1963. Second, the court granted that presumed motion. Third, the court proceeded to substantially nullify the first two steps, by treating Mrs. Beach's motion as a motion under CR *60.02* for relief from the substituted, nunc pro tunc judgment, which presumed motion the court proceeded to grant, resulting in the entry of a new judgment (the one here on appeal) which awarded Mrs. Beach $175 per month *from and after the date of the new judgment*. The reasons given by the court for granting the latter relief were, in substance,* (1) that Mrs. Beach's fear, when she entered into the compromise settlement, that the pension board might succeed, on an appeal from the judgment of March 7, 1963, in having the pension statute declared unconstitutional, was unfounded, and (2) that the compromise settlement was against public policy.

■ It is our opinion that the circuit court's treatment cannot be upheld on any valid theory. The court found specifically that Mrs. Beach had entered into "a binding satisfaction of the original judgment." That fact is not in dispute. There is no contention that the agreement of the pension board to drop its appeal was not a sufficient consideration see 15A C.J.S. Compromise and Settlement § 9, pp. 197, 198; or that the agreement to be valid, must have been entered in the court record, see 1 Am.Jur., Accord and Satisfaction, sec. 6, p. 305; or that parties to an action may not compromise a judgment for a valuable consideration, see Stairs v. Riley, 306 Ky. 645, 208 S.W.2d 961. There are no allegations of fraud or mistake. Mrs. Beach was represented by counsel in the making of the settlement agreement. There is no claim that the pension board did not have a bona fide intention to appeal the original judgment. Rather than endure the delay of such an appeal, and to take the chance that the appeal might succeed, Mrs. Beach chose,

with advice of counsel, to settle her claim for less than the amount of the judgment. The fact that in retrospect it may appear that she exercised bad judgment is no ground for relieving her from the settlement agreement. Nor is there any consideration of public policy that prevents the enforcement of such an agreement.

Clearly, no grounds appear in this record on which the settlement agreement could have been set aside directly. By the same token, no grounds appear to justify the granting of relief through the roundabout invoking of CR 60.02.

The judgment is reversed with directions to enter an order overruling Mrs. Beach's motion of November 15, 1966.

All concur.