**David L. CLIVE, Plaintiff and Respondent,**

v.

**Phill W. MASON, and Ronald J. Kobliska, Defendants and Appellants.**

**No. 16494.**

Supreme Court of Utah.

Jan. 4, 1980.

Dale R. Kent, Salt Lake City, for defendants and appellants.

Earl D. Tanner, Salt Lake City, for plaintiff and respondent.

STEWART, Justice:

Plaintiff recovered a judgment by default against the defendants for the possession and title of an automobile and $3,000 punitive damages for the wrongful taking thereof. Plaintiff recovered possession of the automobile; but because defendants resided in California, the judgment was forwarded to a firm of attorneys in that state for collection. Under California procedure, an Application for Entry of Sister State Judgment and Notice of Entry of Sister State Judgment were served on defendants on April 1, 1979, in Los Angeles. They obtained legal counsel there who negotiated a settlement of the judgment with plaintiff's California counsel was $2,800. On April 16, 1979, defendants' counsel there mailed plaintiff's counsel in that state a check for that amount but requested him to hold it in trust for plaintiff until an acknowledgment of full satisfaction of judgment had been filed with the California court. That was accomplished sometime prior to May 1, 1979. On April 30 plaintiff's Utah counsel received the settlement

proceeds from plaintiff's California attorney.

Meanwhile, defendants' Utah counsel moved to set aside the default judgment in the court below, which motion was heard and denied on April 5, 1979. Subsequently, on April 13, apparently without knowledge of the negotiations taking place in California, he again moved "pursuant to Rule 59E [59(e)] U.R.C.P. . . . to alter [the] previous judgment entered on April 5, 1979, denying the defendants' motion to set aside and vacate default judgment." This motion was heard and denied on May 3, 1979, on the ground that the judgment had been fully compromised and settled. (We express no opinion as to the appropriateness of this latter procedure, since defendants were attempting to gain reconsideration of the denial of a motion instead of altering or amending a judgment.) Defendants bring this appeal from that order of denial.

■ The court below ruled correctly, and for the same reason this appeal must be dismissed. Payment under a compromise and settlement of a judgment bars the judgment debtor's right to appeal. See annotation on this subject at 39 A.L.R.2d 172. In one of the leading cases in support of this rule, *Dakota County v. Glidden,* 113 U.S. 222, 5 S.Ct. 428, 28 L.Ed. 981 (1885), the defendant county, in satisfaction of a judgment rendered on coupons for interest due on bonds issued by it, settled with the bondholders by giving them new bonds, and the old bonds were destroyed. The court held that the county lost its right of appeal and through Mr. Justice Miller stated:

A new agreement, on sufficient consideration, was made, by which the judgment itself, the coupons on which it was recovered, and the bonds of which these coupons were a part, were all surrendered and destroyed, and other bonds and other coupons were accepted in their place, payable at a more distant date and with a lower rate of interest, with the effect of extinguishing the judgment now sought to be reversed, so that the plaintiff in that judgment could not issue execution on it, though there is no supersedeas bond to secure its payment.

It is a valid compromise and settlement of a much larger claim, but it includes this judgment necessarily. It *extinguishes* the cause of action in this case. If valid, it is a bar to any prosecution of the suit in the Circuit Court, though we should reverse this judgment on the record as it stands for errors which may be found in it. To examine these errors and reverse the judgment is a fruitless proceeding, because when the plaintiff has secured his object the relation of the parties is unchanged, and must stand or fall on the terms of the compromise. [113 U.S. at 225, 5 S.Ct. at 429.]

More recently, this principle was relied upon in *Stairs v. Riley,* 306 Ky. 645, 208 S.W.2d 961 (1948), where a judgment of $3,400 was compromised for $2,500 and that amount was paid to the judgment creditor in full satisfaction. An attempted appeal by the judgment debtor was dismissed by the court with the following comment:

The compromise extinguished appellee's cause of action and the judgment. If this judgment was reversed, appellants would not be entitled to a return of the $2,500, since there were valuable considerations for the compromise. On the other hand, if the judgment was affirmed, appellee could not benefit thereby because her rights under the judgment have been relinquished. We have before us then nothing but an academic question, the judicial determination of which would affect the rights of neither party. [Emphasis added.] [208 S.W.2d at 963.]

■ The judgment in this case having been fully compromised and settled through the efforts of California counsel employed by both parties, and payment having been made of the compromised amount and satisfactions of the judgment against the defendants having been filed with the California court and with the court below, it follows that this appeal cannot be maintained in this Court and is therefore dismissed. Costs awarded to respondent.

CROCKETT, C. J., and MAUGHAN, WILKINS and HALL, JJ., concur.