B. L. COLLINS *et al.,* Appellants, v. W. H. GREGG.

**Mortgagee:** ATTACHING CREDITORS. Since mortgaged personal property is subject both to the mortgage debt and to the payment of the mortgagor's other debts, acts of the Twenty-first General Assembly, chapter 117, permitting attachment of such personal property, does not require the mortgagee to take any steps solely for the purpose of shielding the mortgaged property from attaching creditors of the mortgagor.

MORTGAGE CONSTRUED AS TO FUTURE ADVANCES: Where a debtor, owing others than defendant, conveys property by a conditional deed containing a clause providing that the property shall be reconveyed on the payment to the grantee of a "sum of money equal to all claims and evidences of indebtedness that the grantee shall have against plaintiff," and parol evidence on the meaning of this clause satisfies the court that future advances are contemplated by it, defendant is entitled to hold the property as security for claims against plaintiff which he subsequently purchases.

**Reply:** COUNTER CLAIM. Defendant held deed which was, in fact, a mortgage and had also been given a chattel mortgage; plaintiff sued for reconveyance; defendant answered in denial of the right to reconveyance; plaintiff then replied asserting that attaching creditors of his had seized the property covered by the chattel mortgage and that defendant was liable for negligence in permitting such creditors to waste the goods seized in that he did not assert his mortgage against said creditors. *Held,* this is in the nature of a counter claim and not pleadable in a reply.

**Deed a Mortgage:** RELIEF GRANTED. *Decree.* Where plaintiffs sue for a reconveyance of property transferred by an absolute deed to secure a debt, an order fixing a time within which they may redeem on payment of the amount due, instead of a judgment of foreclosure, is proper.

*Appeal, from Tama District Court.*—HON. G. W. BURNHAM, Judge.

MONDAY, OCTOBER 23, 1899.

THE petition is in two counts, the first of which sets forth a cause of action which is substantially as follows: Prior to December 14, 1893, plaintiffs were indebted to defendant in a considerable amount, which was evidenced in part by promissory notes and in part by book account. On that day, for the purpose of securing payment of this indebtedness, plaintiffs executed to defendant a warranty deed to the northeast one-quarter, section 31, township 85 north, range 14 west, in Tama county, and also a bill of sale of a large amount of personal property. They allege that they have made various payments upon said indebtedness; that they do not know how the account now stands, but they are able and willing to pay the amount due in order to obtain a reconveyance or release of said property; and they ask that an accounting be had, and the balance due be ascertained and fixed. The second count alleges that, by verbal agreement, defendant was to, and did, furnish the money to enable plaintiffs to purchase from one McLain the west one-half of southeast one-quarter, section 30, township 85 north, range 14 west, in Tama county; that defendant was to, and did, take the title in his own name, the same to be conveyed to plaintiffs upon payment by them of the purchase price. It is averred that the purchase price has been fully paid, and a conveyance to them of this tract is sought. The answer puts in issue these various claims, and to the first count further states that the deed and bill of sale were made to secure future advances, also; that on or about September 1, 1894, plaintiffs and defendant had a full and true accounting together of all moneys advanced and indebtedness incurred since the making of the deed and bill of sale, and it was then and there ascertained that the amount thereof was one thousand three hundred and eighty dollars and fifty cents; that plaintiffs executed their promissory note to defendant for this amount; and that said note is now held by defendant, and is past due and wholly unpaid. The amount of some other

indebtedness to defendant is set out, and its non-payment averred. It is asked that a time be fixed within which plaintiffs shall pay the same; that in default of such payment the right to a reconveyance of the mortgaged property be cut off, and a surrender of possession of the other real estate be decreed. To the second count it is further set up that defendant purchased the eighty acre tract from McLain, and thereafter it was verbally agreed that, if plaintiffs should within a reasonable time make a substantial payment of part of the purchase price to defendant, he would convey the land to plaintiffs, taking a mortgage thereon for the remainder of the sum paid out for the land, but if plaintiffs failed to make such payment of principal, they were to pay the interest on an eight hundred dollar mortgage which was then upon the land, the taxes, and interest at the rate of eight per cent. on the purchase money paid by defendant, and these sums were to be taken and applied as rent for said land; under this agreement plaintiffs took possession of the land, and have ever since held the same, receiving all rents and profits. It is averred that plaintiffs have never paid any part of the purchase money, nor have they paid the interest thereon, or the interest on the incumbrance, or the taxes; and it is prayed that plaintiffs be decreed to have no interest, right, or claim in or to the land. There was a reply filed on plaintiff's part, and an amendment to the reply; the latter being stricken from the files. Upon a hearing, there was a decree for defendant. Plaintiffs appeal.—*Affirmed.*

*E. E. Collins* for appellants.

*Endicott & Pratt* and *C. B. Bradshaw* for appellee.

WATERMAN, J.—I. After the evidence was all in, plaintiffs filed an amendment to their reply, which on motion was stricken from the files. This pleading set up that the chattels transferred to defendant by the bill of sale had been by him negligently permitted to be wasted and lost, by not asserting his rights against certain attaching creditors, and

that their value was three thousand dollars; and it was prayed that this amount be made a charge against defendant in plaintiff's favor. This, it strikes us, is not proper matter for a reply. *Marder v. Wright,* 70 Iowa, 42; *Jones v. Marshall,* 56 Iowa, 739. It is said that this amendment was made to conform the pleadings to the proof; that it was formal only, and should have been permitted to stand. But to this we cannot assent. It is in legal effect a counterclaim. The evidence upon which it is predicated was all objected to, and was received only because this is an equity action, and all evidence offered must be made of record. It is doubtless true that in an action of this character, in the absence of this reply, defendant should be charged with all items for which he was legally obliged to account, but this fact furnishes no reason for permitting this pleading to stand. As a reply, it had no place in the record. We do not see, however, why the plaintiffs could not have protected their rights by asserting this mortgage under Chapter 117, Acts Twenty-first General Assembly, and thus have prevented the levy of the attachments, under which it is claimed the chattels were taken. The law does not give authority to levy in case the mortgagee does assert his rights. In *Gordon v. Hardin,* 33 Iowa 550, the right of the mortgagor to complain of the levy of an attachment on the mortgaged chattels was recognized, although the judgment went in favor of the mortgagee, who intervened. The old rule, that a mortgagor of chattels had no interest that could be levied upon, was not established in order to protect him against other creditors; and the statute to which we have referred, which under certain conditions permits such levy, must not be construed as requiring the mortgagee to take any steps for the purpose solely of shielding the debtor's property. So far as the plaintiffs are concerned, their property was subject alike to both claims. It is only the mortgagee who can complain that it was not applied upon the security which he held. We do not think the averments of this pleading make a legal claim against defendant.

II.   The evidence taken in relation to the state of the accounts between the parties is very voluminous and con‐ flicting.   The trial court held plaintiffs bound by the volun‐ tary settlement made on September 1, 1894, when they exe‐ cuted the note for one thousand three hundred and eighty dollars and fifty cents for the then admitted balance due on the account.   This finding we believe is correct, and should be sustained.   Some claim is made on the part of appellants of fraud in obtaining this note, and of unwar‐ ranted charges of interest in computing the amount which was to be included therein, but we do not find that either of these questions is raised by the pleadings.   The facts stated in the original reply as constituting the fraud are not sufficient.   Neither do we think the testimony justifies or sustains the charge of fraud in inducing the execution of this note.

III.   After defendant received the deed and bill of sale mentioned in the first count of the petition, he purchased at a discount other outstanding claims against plaintiffs, and now insists that those instruments stand as security for the claims so procured.   At the time this deed and bill of sale were made, plaintiffs owed defendant a sum in excess of three thousand dollars.   The instrument of defeasance then executed contains a provision that recon‐ veyance shall be made when the grantor shall pay to the grantee "a sum of money equal to all the claims and evi‐ dences of indebtedness that said W. H. Gregg shall have against said B. L. and W. M. Collins."   Parol evidence was introduced to throw light on the meaning of the quoted lan‐ guage.   This evidence is in conflict sharp and positive, but after giving it due consideration, especially as it relates to the situation and condition of the parties, we feel justified in holding that the conveyances in question were made to secure future advances.   It is urged on the part of plaintiffs that the claims set up by defendant as representing money advanced by him were purchased at a discount, and are now put into the account at their face value.   This point is dis‐

posed of by our finding as to the settlement, which is conclusive on the parties, under the issues as we have them. *Frost v. Clark,* 82 Iowa, 299.

IV.   The finding of the amount due as made by the trial court is correct.  We do not feel that we would be justified in setting out here the mass of figures presented in the record, in order to give our reasons for this conclusion.

But one other matter remains for mention. Appellants' counsel, in reply to the argument of appellee, suggests, rather than argues, that the trial court erred in fixing a time within which plaintiffs should make redemption; that the decree should have provided for a foreclosure of defendant's securities.  We might pass this, perhaps, without further mention, but we prefer to say that the decree in this respect has support in *White v. Lucas,* 46 Iowa, 319.—AFFIRMED.