TOLLERTON & STETSON COMPANY, Appellant, v. JOHN L. SKELTON, Sheriff, Appellee.

Mortgaged Chattels: LEVIES UPON. The provisions of Code, section 3979 *et seq.* relating to levies upon mortgaged chattels are for the sole protection of the mortgagee.

*Appeal from Harrison District Court.*—HON. N. W. MACY, Judge.

THURSDAY, DECEMBER 18, 1902.

THERE is no controversy as to the facts, and they may be stated as follows: Prior to February, 5, 1900, J. E. Jennings, a retail grocer in Missouri Valley, Iowa, had executed and delivered a chattel mortgage covering his stock of goods and store fixtures to the Valley Bank, of Missouri Valley, to secure an indebtedness due from him to said bank. The mortgage was in usual form, and was duly recorded in the office of the county recorder of Harrison county. On the date mentioned, and said mortgage still being unsatisfied, the Paxton & Gallagher Company commenced an action against said Jennings, and caused a writ of attachment to issue, which was levied upon said goods and fixtures by the defendant sheriff, and the same taken into possession by him. On the same day, but subsequent to the levy of said writ of attachment, and while the property seized thereunder was in the custody of the sheriff, the said Jennings, to secure an indebtedness due, executed and delivered to this plaintiff a mortgage covering the same property, which mortgage was duly recorded on the same day. It is conceded that plaintiff at all times had full knowledge of the prior mortgage to the bank, and of the levy of said writ of attachment. It is made to appear that the sheriff held said property in his possession

for more than ten days after the making of such levy, and that no attention was given, either by him or by the Paxton & Gallagher Company, to the Valley Bank mortgage. February 28, 1900, the plaintiff company served a notice in writing upon the sheriff, setting forth the fact of its mortgage, and demanding a release of said property. This notice was ignored, and thereafter the Paxton & Gallagher Company, having obtained judgment against said Jennings, caused an execution to be issued thereon and placed in the hands of the sheriff, under which he sold sufficient of th' goods levied upon and in his possession to satisfy such judgment. Thereafter all the remaining goods and fixtures were taken possession of by the Valley Bank, which sold the same, and from the proceeds thereof obtained satisfaction of its mortgage debt. The goods sold by the sheriff are conceded to have been of the value of $200, and this action is brought to recover such amount. There was a trial to the court, and judgment in favor of defendant. The plaintiff appeals.—*Affirmed.*

C. W. *Kellogg* for appellant.

J. S. *Dewell* for appellee.

BISHOP, J.—We have set out the facts fully in the foregoing statement, because, as we think, the case is ruled by *Wilson v. Felthouse*, 90 Iowa, 315, and *Clark v. Patton*, 92 Iowa, 247. In the *Wilson Case* the act of the 21st General Assembly,—now appearing in the Code as section 3979 *et seq.*, relating to levies upon mortgaged chattels, was directly under consideration. There the mortgagor, subsequent to a levy of attachment upon the mortgaged goods, made a general assignment for the benefit of creditors, and that suit was brought by the assignee against the attaching creditors. Here the suit is by a mortgagee whose mortgage was executed subsequent to the levy of attachment, and in that respect is identical

with *Clark v. Patton*.   In each instance the right to re-
cover is made to depend wholly upon an act done by the
mortgagor, in respect to the mortgaged property, subse-
quent in point of time to the levy.   The same principle is
applicable to each of the cases.   In the *Wilson Case* we said:
"There is not one word in the whole act for the protection
of the mortgagor.   We have no doubt that the mortgagee
may waive any right to a deposit of the amount secured
by the mortgage."   And again, referring to the statute:
"Its whole purpose is to authorize an attachment or exe-
cution in such cases by paying or securing the mortgagee.
It contains no provision authorizing the mortgagor to in-
terfere with the proceeding.   The case is, in effect, pre-
cisely in the same attitude that it would be if the mortgagee
had expressly waived his right to payment of the mort-
gage, and assenting to the levy of an attachment on the
property."   The conclusion follows irresistibly that the
provisions of the statute requiring payment of or security
for the mortgage debt are for the benefit of the mortgagee,
and him alone.   Although the question was not directly
involved in the case, the same thought is expressed in
*Collins v. Gregg*, 109 Iowa, 506.

There was no error in entering judgment for the de-
fendant in this case.—AFFIRMED.