## WALKER *v.* WHITMORE.

### Opinion delivered June 16, 1924.

1. MORTGAGES—OTHER INDEBTEDNESS OF MORTGAGOR.—A mortgage which stipulated that it shall be "security for any other indebtedness of whatever kind or character that may be owing by the grantor" to the mortgagee up to the time of foreclosure is not security for any other indebtedness of the mortgagor's transferee, who assumed the mortgage debt.

2. COSTS—SUFFICIENCY OF TENDER.—Where a mortgagor's transferee who assumed the mortgage debt tendered the amount of such indebtedness to the mortgagee bank's vice president and to its attorney, both of whom refused to accept it, the tender was sufficient to stop all subsequent costs if kept good by payment into court.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; modified.

STATEMENT OF FACTS.

Appellants brought this suit in equity against appellees to recover judgment against the adult appellees for the amount sued for, and to have the same declared a lien upon the interest of the minor appellees upon the lots described in the complaint.

It appears from the record that on the 8th day of August, 1918, H. A. Mashburn, for a valuable considera-

tion, executed to J. F. Walker, as trustee for the American Trust Company, as agent, his promissory note, due one year after date, bearing interest at the rate of 7 per centum per annum. On the same day, to secure said note, Mashburn and his wife executed and delivered to said J. F. Walker, as trustee, a deed of trust to certain lots in Little Rock, Pulaski County, Arkansas. The deed of trust was duly filed for record. H. A. Mashburn and his wife then conveyed said property to Mary P. Loughbridge, and, as part of the consideration, as recited in the deed of conveyance, the latter assumed the note executed by Mashburn to J. F. Walker, as trustee aforesaid. On April 6, 1920, Mary P. Loughbridge conveyed by deed the said property to Y. E. Whitmore, and, as part of the consideration for the deed, the latter assumed the payment of the note executed by H. A. Mashburn to J. F. Walker, as trustee aforesaid. Subsequently the American Trust Company changed its name to that of the American Bank of Commerce & Trust Company. On September 9, 1921, Y. E. Whitmore indorsed a note of certain persons to the American Bank of Commerce & Trust Company for $3,600. Since that time the makers of the notes have been adjudged bankrupts.

Y. E. Whitmore also executed certain other notes, which were transferred by the payees thereof to the American Bank of Commerce & Trust Company. All of said notes so due by Y. E. Whitmore to said American Bank of Commerce & Trust Company are now due and unpaid. On December 2, 1921, the defendant, Y. E. Whitmore, was duly adjudicated a bankrupt. Among the provisions contained in the deed of trust from H. A. Mashburn to J. F. Walker, referred to above, is the following:

"This deed of trust shall be security for any other indebtedness of whatever kind or character that may be owing by the grantor to said American Trust Company, up to the time of the foreclosure of this deed of trust, whether then matured or not, but the lien therefor

shall be subordinate to the lien for the indebtedness herein specifically described."

Y. E. Whitmore obtained a decree of divorce from his wife, Eva Whitmore, some time in 1919. By consent, a decree for alimony was entered of record in favor of the wife against the husband, and, by consent also, a specific lien was decreed upon the property in controversy to secure the payment of said alimony. The minor appellees, who were defendants in the court below, are the children of said Y. E. Whitmore and Eva Whitmore.

The chancellor found the issues in favor of appellees, and a decree was entered of record accordingly, except that the costs of the suit were taxed against Y. E. Whitmore, and the facts on that branch will be stated in the opinion. Other facts appear in the record, but the above statement of facts is all that is essential to the issue raised by the appeal.

From a decree against them in favor of appellees appellants have duly prosecuted an appeal to this court.

*Sam T. & Tom Poe* and *Louis Tarlowski,* for appellants.

The sole question presented by this appeal is whether the provisions in the deed of trust that it shall be security for any other indebtedness, etc., can be construed as affecting or incorporating advancements made by the mortgagee to persons other than the original mortgagor. Is it effective and binding against an assignee of the original mortgagor, who purchased the land described in the mortgage and assumed payment of the note and mortgage? Appellants insist that the indorsing of the note of the Paige Company of Arkansas and Frank L. Reed by the defendant Whitmore over to the plaintiff, the holder of the deed of the original deed of trust, and the fact that the defendant was legally charged with notice of the contents of the deed of trust, is an advance sufficient to bring it within the scope of the orginal deed of trust. 1 Jones on Mortgages, § 373; Pomeroy, Equity Jur., 2nd ed., § 1199. A mortgage securing future advances is valid, if *bona fide* and sufficiently definite.

32 Ark. 598; 33 Ark. 72-75; 66 Ark. 393; 141 S. W. 742; 111 Ark. 362; 128 Pac. 211; 211 S. W. 765; 194 S. W. 867; 6 Mumf. 439; 75 N. W. 458; 9 Atl. 598; 98 Atl. 1002; 73 N. W. 527, 529; 163 S. W. 614; 214 S. W. 500, and cases cited.

*John F. Clifford,* for appellees.

1. It is useless to discuss the authorities cited by appellant to uphold the rule as to future advances. None were made to Mashburn, and he and his wife were the only grantors. Whitmore assumed nothing, even if advances had been made to Mashburn. The word ''grantor,'' in the deed of trust provision cited by appellant, is not ambiguous, and could not possibly include Whitmore, a second grantee of Mashburn. It means the one executing the instrument, *granting or transferring an interest* in the property to the American Trust Company for the sole purpose of securing the note for $2,000. 4 Ark. 175; 5 Ark. 106; 105 Ark. 518; *Id.* 213. A general agreement to secure future advances must be confined to such as are in the contemplation of the parties at the time the agreement is made. Mortgages of real property to secure future advances are so far *stricti juris* that they cannot be extended by implication to secure any other obligation than that expressly mentioned. 19 R. C. L. 393; 46 Ark. 129; *Id.* 70; 111 Ark. 362; 122 Ark. 460.

2. The court erred in taxing costs against Whitmore. 134 Ark. 84. A tender is not required where it is evident that it will not be accepted. 93 Ark. 497; 76 Ark. 326.

HART, J., (after stating the facts). Counsel for appellants concede that the sole question is whether the deed of trust from H. A. Mashburn to J. F. Walker, as trustee, includes advancements made by the mortgagee to Y. E. Whitmore, who was the grantee of H. A. Mashburn, the original mortgagor.

The clause which is claimed to have that effect is copied in our statement of facts, and need not be repeated here. It recites that the deed of trust shall be security for any other indebtedness that may be owing by the

grantor to said American Trust Company up to the time of the foreclosure of the deed of trust.

Counsel for appellants claim that this language is sufficiently comprehensive to include subsequent advancements made by the mortgagee to Y. E. Whitmore. We do not think so. The word "grantor," as used in the clause in question, both in its legal meaning and in its common acceptation, refers to the persons executing the deed of trust, of which the clause in question is a part. It would be a stretch of the meaning of the word "grantor," far beyond this, to make it refer to Y. E. Whitmore, who was not a party to the original deed of trust, and who simply acquired the property by mesne conveyances from H. A. Mashburn. If the bank had made any other advancements prior to the time of the foreclosure of the mortgage, the clause in question could cover them, because Mashburn is the grantor named and referred to in the instrument. Whitmore could in no sense be said to come within the meaning of the word "grantor," as used in the original deed of trust. Therefore the chancellor properly held that the original deed of trust from Mashburn to the bank could not be foreclosed for subsequent advances made by the bank to Whitmore.

We think, however, the court erred in taxing the costs of the suit against Whitmore. The chancellor properly held that Y. E. Whitmore was liable for the amount due under the deed of trust from H. A. Mashburn to the bank; but the evidence shows clearly that Whitmore borrowed from a friend sufficient money to pay off this mortgage indebtedness, including the interest, and tendered the amount thereof to J. F. Walker, the vice president of the bank, who was handling the transaction. Walker refused the tender.

It appears from the record that, when the amount of said indebtedness was tendered to J. F. Walker, he stated that Mr. Poe was handling the matter, and refused the money. Poe was the attorney for the bank, and Y. E. Whitmore and the assistant cashier of another bank went to Mr. Poe's office. They tendered the money to Tom

Poe, and he said that he had no authority to accept it. He is the son of Sam Poe, and a member of the firm handling the matter for the bank. Tom Poe said that he had no authority to accept the tender. He knew that Mr. Walker would not accept it, and knew that his father, Sam Poe, would not accept it unless the whole debt was paid.

. As above stated, Tom Poe was a member of the firm instituting the foreclosure suit for the bank against Y. E. Whitmore and his codefendants. Whitmore, on cross-examination, stated that he was keeping the tender good, and offered to pay the first mortgage at that time. The attorney and agent of the bank refused the tender unless Whitmore would pay the subsequent advances which the bank had made to him. The law never requires a vain or useless thing to be done. The action of the agents of the bank was, in effect, a refusal of the tender. *Dickinson* v. *Atkins*, 132 Ark. 84; *Read's Drug Store* v. *Hessig-Ellis Drug Co.*, 93 Ark. 487; and *Thompson* v. *Baxter*, 76 Ark. 326.

It is evident that the tender was not accepted because Whitmore failed to include in it the amount owed by him to the bank, which, as we have already seen, was not covered by the mortgage.

Therefore the decree of the court below will be modified so as to require appellants to pay all costs accruing after the tender was made, provided the tender is kept good and the money paid into the court within ten days, and, as modified, the decree will be affirmed.