## First National Bank of Jackson v. Combs.

(Decided May 8, 1925.)

### Appeal from Breathitt Circuit Court.

Mortgages—Mortgage Held Not to Secure Note of Mortgagor Purchased from Third Party.—Mortgage securing loan made to mortgagor, and any renewals of original indebtedness and any additional indebtedness between the parties, held to contemplate an indebtedness arising out of a transaction between the parties, and not a note of mortgagor purchased by mortgagee from third party.

W. L. KASH for appellant.

R. C. MUSICK for appellee.

OPINION OF THE COURT BY JUDGE DIETZMAN—Affirming.

On March 1, 1920, John S. Combs, then the owner of a house and lot in Jackson, Kentucky, and his wife, Laura Combs, the appellee herein, mortgaged this property to the appellant to secure a loan that day made him. In the mortgage was the following clause:

"It is further understood and agreed between the parties hereto that the mortgage shall cover and secure any renewal or renewals of said original indebtedness or any part or portion of same and that it shall also cover and secure any additional indebtedness of said first party with said second party which may be contracted within the next three years up to an amount not exceeding $500.00 in addition to said original indebtedness."

During this month the appellee, having inherited some money, bought from her husband the property

which had been mortgaged and assumed the mortgage referred to. Appellant does not question that this transaction was entirely *bona fide.* In April, John Combs executed and delivered to J. G. C. Spencer his note payable to Spencer in a transaction between them. Later Spencer took this note to appellant, which discounted it. The appellant now claims that by virtue of that part of the mortgage hereinbefore quoted it has a lien on the property mortgaged to secure this note. Appellee, having paid off the original loan and some additional indebtedness to the bank not in dispute, insists in this action that the property is not liable for this Spencer note. The lower court so held and in this we agree.

It is plain, from that part of the mortgage on which appellant relies, that the parties contemplated and meant that the additional indebtedness which said mortgage should secure should be an indebtedness arising out of a transaction *inter partes,* and it was never contemplated nor meant that the bank could buy up from third parties claims or notes against John Combs which, after such purchase, would be secured by this mortgage. While undoubtedly a mortgage may be given for future advances, and while no doubt the parties might have contracted to cover a state of case such as appellant insists this is, yet they did not do so in the case before us. As this debt, which the bank here claimed to be secured by its mortgage did not arise out of any transaction between the parties themselves, the bank plainly has no lien as claimed.

Judgment affirmed.