## Auction Leaf Tobacco Warehouse v. Burley Tobacco Growers' Co-operative Association.

(Decided March 5, 1926.)

Appeal from Carroll Circuit Court.

Appeal and Error—Appeal Will be Dismissed, where Parties Compromised After its Submission (Civil Code of Practice, Sections 757, 758).—Appeal will be dismissed, under Civil Code of Practice, sections 757, 758, where parties compromised after its submission,

regardless of whether legal question of public interest is involved, since whole controversy is ended.

WINSLOW & HOWE for appellant.

ROBERT H. HAYS, J. A. DONALDSON & SONS and AARON SAPIRO for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CLARKE— Dismissing appeal.

This appeal was submitted on September 23, 1925. On February 16, 1926, the appellee filed motion to set aside the submission and dismiss the appeal and in support of that motion filed its verified answer alleging that in October, 1925, and after the submission of the appeal the parties had compromised and settled all matters involved in this litigation. Appellant does not deny this or that as a consequence the questions involved are now moot, but insists that its demurrer to such answer should be sustained for the reason that the questions involved were not moot when on September 23, 1925, the case was submitted to this court.

No authority is cited in support of this novel contention, but it is argued that because a revivor is unnecessary in case of death after submission, the status at the time of submission should likewise control here. This, however, is not true, since there is no analogy between the two cases, and the rule of practice that is both reasonable and just with reference to a revivor is wholly illogical and therefore inapplicable with reference to a moot question. In the one case the questions of law and fact persist and have to be decided; in the other the whole controversy is at an end and no reason exists why it should longer occupy the court's time.

Here the parties admittedly have adjusted all their differences, and the same reasons that justify a dismissal apply alike without reference to whether the compromise was effected before or after submission of the controversy to this court.

Sections 757 and 758 Civil Code make provision for such dismissal and for manifestation of the facts therefor if not already in record. There is nothing in either section limiting such right to the date of submission and no apparent reason why it should be so limited.

Nor does the fact that a legal question of public interest was involved in the controversy warrant its dis-

cussion and decision after the controversy between the parties has been settled. Winslow v. Gayle, 172 Ky. 126, 188 S. W. 1059; Benton v. Clay, 192 Ky. 497, 233 S. W. 1041.

Wherefore the submission is set aside, the demurrer to the answer is overruled and the appeal is dismissed.