## Deaton et al. v. Fifth Third Union Trust Co.

(Decided Dec. 12, 1933.)

E. C. HYDEN for appellants.

O. H. POLLARD, R. L. POLLARD and W. L. KASH for appellee.

OPINION OF THE COURT BY CREAL, COMMISSIONER—Affirming.

On August 15, 1929, W. H. Deaton and Ollie Deaton, his wife, executed and delivered to the Hargis Bank and Trust Company a note for $4,977, payable 6 months after date, and bearing interest from maturity. Simultaneously with the execution of the note and to secure its payment and any extension or renewal thereof, they also executed and delivered to the bank a mortgage on a team of mules and on three tracts of land in

Breathitt county. There is a provision in the mortgage relating to other indebtedness which reads:

"This mortgage shall also secure any additional sums or sum of money advanced or loaned by second party to first parties or either of them jointly or severally, before or after this date, by notes, accounts or obligations of any kind whatever at any time not to exceed in the aggregate the sum of $10,000.00."

On October 1, 1929, W. H. Deaton and wife executed and delivered to Ervine Turner, Jr., a note for $554, due 6 months after date, bearing interest from maturity. Thereafter, and before maturity, this note was assigned by Ervine Turner to the Hargis Bank & Trust Company, and renewals thereof from the maker to the original payee were likewise transferred and assigned to the bank. In due course and before maturity, this and the note for $4,977 were assigned and transferred by the Hargis Bank & Trust Company to the Fifth Third Union Trust Company of Cincinnati, Ohio.

The Fifth Third Union Trust Company instituted this action seeking to recover on the two notes, and, after setting out the foregoing facts, alleged that under the terms of the mortgage, which has also been transferred to it, it acquired a lien on the property described in the mortgage to secure the payment of the full amount sued for. In addition to asking for judgment for the amount of the two notes with interest, plaintiff prayed that it be adjudged a lien against the land described in the mortgage to secure the payment of all the indebtedness and for a sale of the land to satisfy same. The defendants having been duly summoned and failing to answer or make any defense, default judgment was entered granting to plaintiff all the relief sought and directing that the property or a sufficiency thereof be sold to satisfy plaintiff's indebtedness and costs.

On May 25, 1931, the master commissioner of the court, after due advertisement, appraisement, etc., proceeded to sell the property as directed in the judgment, and defendant W. H. Deaton became the purchaser of the first two tracts described in the mortgage and judgment for the sum of $6,046.40, the amount of

plaintiff's debt, interest, and costs, or $3,600 for the first tract and $2,446.40 for the second. W. H. Deaton, together with Ollie Deaton, his wife, and four other persons as sureties, executed bond for the full purchase price of the two tracts of land to the Fifth Third Union Trust Company payable 6 months after date and bearing interest from date until paid, having the force and effect of a judgment with a lien retained on the land to secure the payment of the purchase money. The commissioner filed his report of sale, which was duly confirmed without objection or exception. On August 29, 1932, defendants prayed an appeal in this court.

As grounds for reversal it is urged that the court erred in adjudging a lien on the mortgaged property to secure the $554 note hereinbefore described. Counsel for appellee takes the contrary view, and insists that under the quoted provision of the mortgage appellee had a lien to secure that note.

In the case of First National Bank of Jackson v. Combs, 208 Ky. 763, 271 S. W. 1077, practically the same question was presented for decision. The mortgage under consideration contained a provision in effect the same as the quoted provision of the mortgage in this case. It was held that the provision contemplated an indebtedness arising out of a transaction inter partes, and it was not contemplated that the mortgagee could buy up notes from a third party against the mortgagor and have a lien under the mortgage to secure their payment. As we view the matter, however, it is not necessary to determine whether the judgment was erroneous in the particular indicated by counsel for appellants, because, if erroneous, appellants took no steps to have it vacated, modified, or set aside, but on the other hand permitted the land to be sold and Deaton became the purchaser and executed bond for the purchase price as above indicated without raising any question as to the validity of the judgment by exception or otherwise.

Where the law gives to the litigant a right of appeal, such right should not be denied by the court; however, a litigant may, by express agreement or stipulation, waive a right to appeal (West v. West et al., 65 S. W. 813, 23 Ky. Law Rep. 1645; 3 C. J. 664, sec. 535), or he may by a course of conduct subsequent to

the entry of a judgment impliedly waive right to have the judgment reviewed on appeal. Any act or conduct upon the part of such litigant by which he impliedly acquiesces in, ratifies, or recognizes the validity of the judgment may operate as a waiver of a right to ask reversal on appeal. 2. R. C. L. 57-59; 3 C. J. 666; Haggin v. Montague et al., 125 Ky. 507, 101 S. W. 893, 31 Ky. Law Rep. 123. In the case of Jones v. Jones, 75 Wash. 50, 134 P. 528, 531, it is aptly said:

"It is contended that, an appeal being a matter of right and not a matter of grace, the court has no power to deny such right to the appellant. But this argument does not reach the real question. It is not a question whether the court will deny an appeal where there is a legal right thereto. But the real question is, Has the conduct of the appellant been such that he has, either expressly or impliedly, abandoned or waived his right to an appeal? The court cannot say that a litigant shall be denied an appeal when he has a legal right thereto; but it can determine, and it is its duty to so determine, whether or not the appellant's conduct has been such that he has waived such right."

The acts and conduct of appellant as above recited unquestionably call for the application of the rule announced by the foregoing authorities, and clearly indicate that it would be against the principles of justice, equity, and good conscience to disturb a judgment where the appellant has thus waived his right to ask such relief.

Judgment affirmed.

Whole court sitting.