## Stringer v. Stringer et al.

(Decided April 22, 1938.)

252

B. J. BETHURUM for appellant.
KENNEDY & KENNEDY for appellees.

OPINION OF THE COURT BY JUDGE THOMAS—Affirming.

In May, 1933, the appellant O. D. Stringer was appointed by the county court of Pulaski county guardian for Dorothy, Willard, and Kenneth Stringer, children of his deceased brother. He served until January 18, 1935, when a motion was made before the county court to remove him for dereliction of duties. It, after a hearing, was sustained and an order of removal entered. At the same time Nellie Shadwick was appointed guardian in lieu of Stringer. The latter appealed from that judgment to the Pulaski circuit court, which disposed of the case in the same way. Still being dissatisfied, he appealed the case to this court, and we did likewise in a judgment affirming the Pulaski circuit court, the opinion being reported in 263 Ky. 355, 92 S. W. (2d) 339. From it the information will be obtained that the grounds of removal were dereliction of duty on the part of appellant as guardian for his wards, and was, therefore, for cause.

In that proceeding B. J. Bethurum represented Stringer, while H. H. Denton represented the wards. Upon the issuing of the mandate from our affirming opinion, the respective counsel were undetermined as to whether Stringer would be entitled in a settlement of his fiduciary affairs to take credit by the cost of the proceeding to remove him, including his attorney's fee, and amounting in the aggregate to $255.55. However, when he later made out his settlement he took credit by that amount the items composing which he stated in his report. The then attorney for the new guardian and her wards (H. H. Denton) filed exceptions to that report in the Pulaski county court, but did not embody in them any objection to the claimed credit of the $255.55 item. Before the exceptions were tried, Denton left Somerset to take a newly acquired position in Louisville, Ky., and the exceptors employed the firm of Kennedy & Kennedy in his stead. The latter firm of attorneys examined the papers and concluded that Stringer was not entitled to take credit by the item of $255.55, and they filed amendatory or additional exceptions directed exclusively to that item. Upon the

trial of all the exceptions the court sustained some of them that had been filed by Denton but overruled others filed by him—and 'at the same time overruled entirely the amended exceptions to the court costs and attorney's fee incurred by Stringer in resisting his removal. From that judgment the new guardian and her wards, by the newly employed counsel, appealed to the Pulaski circuit court, complaining only of the action of the court in allowing as a credit the items of $255.55.

In that court, appellant by his counsel appeared and entered this motion: "Comes O. D. Stringer and moves the court to dismiss the appeal filed herein, and upon this motion said O. D. Stringer prays the judgment of the court." It was overruled with "objections," but no *exceptions* were taken thereto. The court then heard testimony and which developed, in substance, this state of facts: That Denton (the then sole counsel for the wards) and counsel for appellant, after issuing of the mandate from this court affirming the judgment of appellant's removal, were undetermined as to whether the contested item of cost and attorney's fees should be paid out of the ward's estate, or by the guardian personally, and they had a conversation with the then judge of the Pulaski county court with reference to the matter and he expressed the opinion that the item was a proper credit and to which the guardian was entitled in a settlement with his wards. Later, Stringer filed a report taking credit for the contested item and Denton filed the exceptions hereinbefore referred to. Appellant's counsel testified that it was agreed between him and Denton, before the exceptions were filed—upon the occasion of his conversing with the county judge—that the parties would abide by the opinion obtained from that officer, who, it will be observed, was the court having original jurisdiction to try the exceptions, and in which any litigation with reference to the controversy was exclusively lodged. Denton did not testify in the circuit court on this hearing, though the county judge did so as did appellant and his counsel. Likewise, H. C. Kennedy, of the firm of Kennedy and Kennedy, gave testimony, but it was confined exclusively to conversations with Denton and was therefore incompetent, as being hearsay testimony. All of the testimony offered by appellant was objected and excepted to by appellees. From the judgment of the circuit court reversing that of the county court and dis-

allowing credit by the contested item of attorney's fees and costs ($255.55), appellant has filed a transcript of the record in this court with a motion for an appeal.

Counsel for appellant argues that the determination of the contested issue (i. e., the proper allowance as a credit to the guardian of the $255.55 item referred to) by the county judge was in law an arbitration from which no appeal would lie, but it is also broadly intimated that if mistaken in that, then it was agreed that finality should be given to the opinion of the county judge sitting as a court and the parties through their attorneys consented to abide by whatever judgment that officer might render, and for which reason the appeal to the circuit court, prosecuted by the appellees from such eventual judgment, should have been dismissed as in derogation of that agreement. We find nothing in the testimony authorizing the conclusion that the parties intended an "arbitration" of their differences, or to make the county judge their sole arbitrator by thus divesting him of his original judicial functions in the matter. It is not pretended that the proceedings were in accordance with section 637 of our Civil Code of Practice, and many departures from common-law "arbitration" could be easily pointed out—even if it should be admitted as a correct principle that under a common law arbitration the judge of the court who would have exclusive jurisdiction of the controverted matter could act as the sole arbitrator. At most, the testimony heard in the circuit court in this proceeding disclosed only an effort on the part of the respective parties to ascertain the opinion of the county judge, in advance of a settlement that was then and there incumbent upon appellant to make after his removal became final.

In 2 Am. Jur. 971, sec. 204, the text says: "Though there are a few cases to the contrary the rule prevailing in the great majority of the jurisdictions is that an agreement, based on a sufficient consideration, not to appeal or take a writ of error, or a release of errors, is valid and binding and, when properly pleaded, will constitute a bar to proceedings taken in violation of the agreement." Substantially to the same effect is the text in 3 C. J. 661, sec. 533, and also the text in 4 C. J. S. 392, Appeal and Error sec. 210. It will thus be seen that the question of the right of the parties to agree *in advance of litigation*—as well as in advance of a trial

after litigation has started—to abide by the decision of the court of original jurisdiction and to waive an appeal therefrom is upheld by a majority of the courts, as appears from the texts referred to, although we have been unable to find any reported adjudication upon the question by this court, except the case of Deaton v. Fifth Third Union Trust Company, 251 Ky. 696, 65 S. W. (2d) 979, 980, and which is cited in the volume of C. J. S. referred to supra. But a reading of that opinion (Deaton) will disclose that the question under consideration was not involved in that case. Instead, the *only* question there involved was an estoppel of one of the parties to the litigation by conduct, thereby producing a waiver of his right to appeal.

In writing the opinion in that case this language was employed: "Where the law gives to the litigant a right of appeal, such right should not be denied by the court; however, a litigant may, *by express agreement or stipulation,* waive a right to appeal (West v. West et al., 65 S. W. 813, 23 Ky. Law Rep. 1645; 3 C. J. 664, sec. 535), or he may by a course of conduct subsequent to the entry of a judgment impliedly waive [his] right to have the judgment reviewed on appeal." (Our emphasis.) As stated, the only question involved in that case was the effect of an estopping "course of conduct" of the appellant therein, and it did not involve the question of a deprivation of the right of appeal "by express agreement or stipulation." The case of West v. West therein referred to does not deal with either question, i. e., waiver of appeal by conduct so as to create an estoppel, or express agreement not to appeal so as to bar the right. The only question in that (West) case was the right of one to appeal from a judgment to which he had expressly *agreed and consented that the court might render.* It, therefore, may be truthfully said that the question here involved has never been passed on by this court, nor do we deem it necessary to do so now in this case, although we have some hesitancy in following what the text says is the majority rule as relating to advance agreement not to appeal (unaided by estopping effects) but which we do not deem it necessary to discuss or express an opinion thereon for the reason now to be stated.

The text authorities referred to, in dealing with the question as to how the agreement for finality may be enforced, all require that the facts with reference

thereto should be presented to the trial court. In other words, that the defense against the right of appeal—or rather the attack of appellee upon the right of the appellant to take the appeal—should be *manifested in the appellate court* where it is presented, *by some sort of pleading* or other *record* proceedings. Confirming that settled rule we insert the text in section 205 of 2 Am. Jur., supra, page 971: "Where matters occuring prior to the judgment or decree appear of record, the objection is properly raised by a motion to dismiss, but when they do not so appear, the objection should be raised by a plea in bar of the proceedings in error or appeal." Cases in note 11 cited to that text completely substantiate it.

In this case, as we have seen, the record of neither the circuit court nor the county court contains or interposes any such advance agreement now sought to be relied on, as precluding appellees' right to appeal from the Pulaski county court to the Pulaski circuit court. It is true that the taking of the evidence in the circuit court, to which we have referred, might imply that the appellant was attempting to rely upon the advance agreement to abide by the county court's judgment on the trial of the exceptions. But all of that evidence was objected and excepted to by the appellees in the circuit court, and no doubt for the all-sufficient reason that there was no pleading or anything of record manifesting a reliance by appellant on any such agreement and that without such a pleading or manifestation of record any evidence attempting to establish any such agreement was incompetent because not supported by proper steps or pleading. It is our conclusion, therefore, that none of the evidence heard in the circuit court with reference to the agreement now relied on was competent and the court did not err in rejecting the contention that appellees here, and who were the appellants in the circuit court, were precluded by any such agreement from taking the appeal from the county court judgment, allowing the credit herein involved to the circuit court.

But it is further argued that the judgment of the *county* court was correct and that the circuit court erred in reversing it. However, counsel correctly concede that if a fiduciary is removed "for cause," then the law is universal that he should individually pay the cost of the litigation incident to his removal including

his counsel fees incurred therein. But it is argued that Stringer was not removed for cause, and which argument is made in the face of the fact that we said in our opinion supra, reported in 263 Ky. 355, 92 S. W. (2d) 339, 341, that: "The proof does indicate a marked indifference on his part toward the children and a lack of proper and sympathetic understanding of their needs and requirements as evidenced by his refusal to supply the two older children with necessary apparel on the theory that they should by their labor earn sufficient to meet their needs. It is true the trust estate is not large enough to maintain the wards in opulence, but certain standards in keeping with one's station in life must be met in order to cultivate a self-respect, and without which character and culture will be dwarfed. The children of course should be encouraged in habits of thrift and industry and be allowed to enjoy the fruits of their own efforts without exploitation at the hands of others."

It was furthermore said in a subsequent part of the opinion that: "Both the judge of the county court and the circuit court who heard the evidence and no doubt knew the parties and witnesses have found that appellant was derelict in his duty as guardian, or was unsuitable for the trust. * * * It is apparent that there is ample evidence to sustain their conclusion." If those excerpts do not embody an approval of a removal "for cause," we will acknowledge our inability to comprehend one that would do so. Besides, a similar question —under analogous facts—was presented to this court in the case of Maddox v. Gossom, 3 Ky. Op. 509, and in which this court in an opinion by Judge Peters decided the question adversely to the guardian in that case, and required him to pay the cost of the litigation with his wards. In ruling on that issue, we said, inter alia: "The rule of law, therefore, to make the successful party pay the cost of the litigation can not be changed because the successful party is an infant and the ward of her adversary." We deem it unnecessary to pursue the discussion further, since any other rule would result in disastrous dissipation of the estate of infants in the hands of guardians (though derelict in duty) who tenaciously seek to hold on to their fiduciary position.

Wherefore, for the reasons stated, the motion for an appeal is overruled and the judgment is affirmed.