## Davis v. Martin et al.

Oct. 9, 1942.

E. ·C. O'Rear and Allen Prewitt for appellant.

Hunt, Bush & Lisle for Mildred P. Martin and Mildred P. Martin, Jr., appellees.

David Thornton for Kathryn B. Martin, appellee.

OPINION OF THE COURT BY SIMS, COMMISSIONER—Dismissing appeal.

On September 22, 1939, Mrs. Mildred P. Martin, as guardian for her two daughters, Mildred and Kathryn, entered into a written contract with Mrs. Margaret M. Davis whereby it was agreed that the two infants would execute a deed conveying to Mrs. Davis a certain tract of land in Woodford County in consideration of the latter conveying to the infants jointly another tract of land in that county, and in addition the infants were to pay Mrs. Davis $10,000 to cover the difference in acreage and fertility between the land she was receiving and the land she was conveying. At the time the contract was executed Mrs. Davis thought the difference in the acreage between the two tracts was 26.5 in favor of the infants, while the guardian contends she did not know what this difference was.

On October 13, 1939, the guardian and Mrs. Davis joined as plaintiffs in a petition in equity filed in the Woodford Circuit Court against the infant defendants under Section 387.240 K. R. S. (2150a K. S.), asking the chancellor to approve the sale of the infants' land. Shortly after this suit was filed a survey was made of both tracts which showed that instead of the infants receiving 26.5 acres more than they were to sell Mrs. Davis, they obtained an advantage of 40.36 acres. This fact was made known to Mrs. Davis in November, 1939, and she notified the guardian that there was a mutual mistake and requested that she be released from the contract. The guardian refused to release Mrs. Davis and the lat-

ter at the next February, 1940, term of court after the suit was filed, moved that it be dismissed insofar as she was a party plaintiff, which motion was sustained. By an amended petition filed July 26, 1940, the guardian asked permission of the court to invest $10,000 of the infants' money in the land to be acquired from Mrs. Davis under the contract of September 22, 1939. A guardian ad litem was appointed for the infants who reported he could make no defense to the suit and that the sale was for the benefit of the infants, also bond was executed in the favor of the infants as provided by Section 387.240 K. R. S. (Sec. 2150a K. S.).

On August 15, 1940, Mrs. Davis filed a petition in equity against the guardian and her infant wards in which she sought to have the chancellor divide the above mentioned lands between her and the infants. The guardian's answer pleaded the contract of September 22nd, and asked that it be carried out. By a reply, counter-claim and set-off, Mrs. Davis averred that instead of the infants obtaining an advantage of 26.5 acres as contemplated when the contract was executed, they actually would receive an advantage of 40.36 acres and that she should be paid $200 an acre for the additional excess of about 14 acres. After Mrs. Davis withdrew as one of the plaintiffs from the original suit, the guardian amended that petition and named herself as defendant. Mrs. Davis filed an answer, counter-claim and cross-petition thereto averring her willingness to carry out the contract of September 22nd, in the event she was paid for the 14 acre excess at $200 an acre, in addition to the $10,-000 she was to be paid under that contract.

Appropriate pleadings formed the issues in the two actions and they were consolidated, and the evidence was heard by the chancellor and is here on a bill of exceptions. Immediately after the completion of the evidence the chancellor delivered an oral opinion from the bench upholding the contract and dismissing Mrs. Davis' petition. In conformity with that opinion a judgment was entered approving the contract and directed a deed be made to Mrs. Davis on behalf of the infants by their guardian and that the $10,000 be paid her. Being of the impression that in effect the chancellor had decreed that the contract be specifically performed, Mrs. Davis moved him to incorporate in the judgment a provision directing her to execute a deed to the infants, which motion the

chancellor overruled. Mrs. Davis was granted an appeal from this judgment dismissing her petition and upholding the contract.

On Tuesday following the execution of the contract of Saturday, September 22nd, Mrs. Davis took possession of the land for fall seeding and on March 1, 1940, obtained full possession thereof. After the judgment was entered on May 4, 1941, she accepted the deed executed by the infants through their guardian, also the $10,000, and in turn executed and delivered her deed to them and afterwards prosecuted this appeal from that judgment.

The case was submitted here on September 17, 1941. On October 1, 1941, the guardian ad litem filed a verified answer in this court under Sections 757, 758, Civil Code of Practice, averring that since the appeal had been submitted he had learned from the records of the county court clerk's office that the judgment had been fully and voluntarily complied with and satisfied. He asked that the appeal be dismissed on the ground that Mrs. Davis could not enjoy the benefits of the judgment and then attack it. Mrs. Davis filed a special demurrer to the answer, insisting that the motion to dismiss came too late as such motion must be made before the submission of the case. Without waiving this demurrer she filed a verified reply averring that she did not voluntarily comply with the judgment, which in effect, though not in form, decreed specific performance, and had she not complied therewith she would have been compelled to do so on a rule for contempt. The motion to dismiss the appeal was passed to merits.

A motion to dismiss an appeal because the record was not filed in time is waived if not made before the case is submitted. Bailey v. Louisville & N. R. R. Co., 44 S. W. 105, 19 Ky. Law Rep. 1617; Wermeling v. Wermiling, 224 Ky. 107, 5 S. W. (2d) 893. But this motion to dismiss was not based upon the failure to file the transcript in time. Here, the facts relied upon for the dismissal did not appear in the record and the guardian ad litem pursued the proper course under Section 758 when he pleaded them in his verified answer. There is nothing in Section 757 or Section 758 of the Code limiting the right of dismissal on the grounds therein provided to a time previous to the submission. Auction Leaf Tobacco Warehouse v. Burley Tobacco Growers' Co-op.

Ass'n, 213 Ky. 408, 281 S. W. 185; Coke v. Shanks, 218 Ky. 402, 291 S. W. 362.

Being of the opinion that the motion to dismiss the appeal was made in due time, the special demurrer to the answer filed in this court by the guardian ad litem is overruled.

The next question is, did Mrs. Davis satisfy the judgment before she appealed by executing a deed to the infants and accepting their deed and $10,000 cash from them? It is not disputed that one may satisfy a money judgment against him and still appeal, Nashville, C. & St. L. Ry. Co. v. Bean's Ex'r, 128 Ky. 758, 109 S. W. 323, 129 Am. St. Rep. 333; Drury v. Franke, 247 Ky. 758, 57 S. W. (2d) 969, 88 A. L. R. 917, the theory being that the payment of the judgment is in lieu of the losing party's right to supersede and to protect his property from execution.

The last sentence of Section 757 Civil Code of Practice is that when a party recovers judgment for only part of the demand or property sued for, the enforcement of the judgment shall not preclude an appeal as to the part he did not recover. This section has been construed to mean just what it says, Hendrickson v. New Hughes Jellico Coal Co., 172 Ky. 568, 189 S. W. 704; Cravens v. Merritt, 178 Ky. 727, 199 S. W. 785; Clay v. Thomas, 191 Ky. 685, 231 S. W. 512. Mrs. Davis insists that she obtained a partial recovery in that the judgment directed the payment to her of $10,000 for the shortage of 26.5 acres, including the difference in fertility, but failed to allow her $2700 for the additional shortage of almost 14 acres, and that under Section 757 of the Code she had the right to accept what the judgment gave her and to appeal from that part denying her full relief. The answer to this argument is that there was no controversy as to the 26.5 acre shortage or as to the $10,000 due her by the infants, hence the judgment allowed no partial recovery to Mrs. Davis but was against her in toto.

Appellant puts much reliance in Clay's Committee v. Washington, 183 Ky. 756, 210 S. W. 484. There, two houses of appellee were sold under execution on a $5,000 judgment in favor of appellant, in one of which appellee was adjudged a right of homestead. The judgment directed that appellant might take title to both houses he purchased at the decretal sale and pay appellee $1,000 in

lieu of her homestead, or he might retain one of the houses and release to appellee the one in which she claimed homestead, each house being worth approximately $1,000. Appellant elected to retain one house and release the other, and prosecuted an appeal. Appellee moved to dismiss the appeal on the ground that the judgment had been satisfied. The motion was overruled because the judgment gave appellant a partial recovery and he was entitled to accept that and appeal from so much of the judgment which denied him full recovery. It was said in the course of the opinion that there had been no change in the situation of the parties or in the condition of the property since the appellant exercised the option given him in the judgment.

In the instant case there not only had been no partial recovery by Mrs. Davis, but there had been a material change in the properties involved. Possession had been taken, seeding had been done, improvements had been made and fencing built. As we read this record, it would be almost impossible to put the parties in statu quo should the judgment be reversed.

The situation is not unlike that in Haggin v. Montague, 125 Ky. 507, 101 S. W. 893, where the purchaser at a decretal sale filed exceptions because a piece of city property for which he bid $40,000 was represented to him by a real estate agent of one of the parties to have a frontage of 61 feet, while after the sale he found its width but 57.7 feet. The exceptions were overruled and an appeal taken. On motion to dismiss the appeal under Section 758 of the Code it was shown in appellee's verified answer that appellant had accepted the deed, taken possession of the lot and torn down the building thereon. In dismissing the appeal it was written:

"He cannot take under a judgment, and by virtue of it alone, and at the same time prosecute an appeal from it to vacate it. He is estopped to do so. If the judgment were reversed for the reasons urged upon the appeal, neither he nor the court could restore to appellees their property, nor place the parties in statu quo."

The chancellor had refused to decree specific performance against Mrs. Davis, evidently realizing that under Section 387.240 K. R. S. (Sec. 2150a K. S.), his authority was limited to approving or disapproving the

contract by which the guardian had agreed to sell the infants' real estate. Most assuredly the chancellor had no authority to adjudge that the infants should pay Mrs. Davis $2,700 in addition to the $10,000 provided in the contract. All the judgment did was to approve the contract of sale and direct the infants to execute a deed to Mrs. Davis and pay her $10,000 upon her conveying to them the land the contract obligated her to convey. The judgment did not direct Mrs. Davis to execute a deed to the infants or to accept their deed or their $10,000. When she did so, the act was voluntary upon her part and amounted to a full settlement of the controversy between her and the infants' guardian. She elected to accept the benefit of the judgment in the circuit court approving the sale of the infants' land to her, which was the only manner in which she could purchase it, short of decretal sale, and she cannot be heard in this court to attack that same judgment as erroneous. In other words, she cannot take under the judgment in the circuit court and then repudiate that same judgment as erroneous in this court. Paine v. Woolley, 80 Ky. 568; Madden v. Madden, 169 Ky. 367, 183 S. W. 931, L. R. A. 1916E, 892; Graves v. Allen, 208 Ky. 764, 271 S. W. 1077; Deaton v. Fifth Third Union Trust Co., 251 Ky. 696, 65 S. W. (2d) 979.

For the reasons given, the appeal is dismissed.